IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KYLE OWEN EINFELDT,

    **Plaintiff,**

    v.                                                          CASE NO. 24-3041-JWL

TINA MILLER, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Saline County Jail in Salina, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed in forma pauperis.

### I. Nature of the Matter before the Court

Plaintiff states that he violated a no-contact order that applied to one person. Plaintiff alleges that staff at the SCJ are prohibiting him from communicating with the outside world, including family and his attorneys. Plaintiff alleges that Defendant Tina Miller, a Corrections Officer/Sergeant at the SCJ, told Plaintiff that they were following an order by Plaintiff's probation officer, Defendant Bobby Bradburry. Plaintiff alleges that he was not served with this order and has not seen the order that allegedly limits all of his communication. Plaintiff alleges that Defendant Miller refused to monitor Plaintiff's calls, messages, and visits, and instead prohibited him from having contact with anyone.

Plaintiff names as defendants: Tina Miller, CO/Sergeant at the SCJ; Bobby Bradburry, Probation Officer; and the Saline County Sheriff's Department. Plaintiff seeks injunctive relief in the form of an order allowing him to communicate with the appropriate people.

1

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a

2

claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

#### 1. Younger Abstention

Plaintiff's claims relate to his state criminal proceedings in Saline County, Kansas. *See*

*State v. Einfeldt*, Case No. 2024-CR-000150, filed February 27, 2024, in the District Court of Saline County, Kansas (listing nine offenses for violation of a protective order); *State v. Einfeldt*, Case No. 2023-CR-000288, filed April 11, 2023, in the District Court of Saline County, Kansas (listing offenses for aggravated domestic battery, domestic battery, and criminal damage to property, and docketing a probation violation on January 16, 2024).

The Court may be prohibited from hearing any of Plaintiff's claims relating to his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Online records show that Plaintiff's criminal proceedings are ongoing. Therefore, it appears that the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of

pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

**2. Access to Attorneys**

Although the Court may be required to abstain from hearing any claims relating to Plaintiff's underlying criminal cases, Plaintiff's claims regarding access to his attorneys relate to his conditions of confinement at the SCJ. Plaintiff has pending state court criminal cases and alleges that he has been denied all contact with his attorneys. The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. A prisoner also has a constitutional right of access to the courts. In addition, "First Amendment rights of association and free speech extend to the right to retain and consult with an attorney." *Poole v. Cnty. of Otero*, 271 F.3d 955, 961 (10th Cir. 2001) (citing *DeLoach v. Bevers*, 922 F.2d 618, 620 (10th Cir. 1990)), *abrogated on other grounds by Hartman v. Moore*, 547 U.S. 250 (2006).

The Court finds that the proper processing of this claim cannot be achieved without additional information from appropriate SCJ officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court

5

orders the appropriate SCJ officials to prepare and file a *Martinez* Report on this issue. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED BY THE COURT** that SCJ officials shall submit the *Martinez* Report by **April 29, 2024**. The *Martinez* Report should address the limited issue of whether or not Plaintiff is allowed to correspond with his attorney. Upon the filing of that Report, the Court will screen Plaintiff's claims. Officials responsible for the operation of the SCJ are directed to undertake a review of this limited issue:

    a. To ascertain the facts and circumstances;

    b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the issue; and

    c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this issue and should be considered together.

(1) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. If the SCJ officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s). The SCJ officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

(2) Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(3) Authorization is granted to the officials of the SCJ to interview all witnesses having knowledge of the facts, including Plaintiff.

(4) No motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(5) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Complaint. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the Saline County Sheriff as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, the Sheriff may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to the Saline County Sheriff, and to the District Attorney for Saline County, Kansas.

**IT IS SO ORDERED**.

**Dated April 8, 2024, in Kansas City, Kansas.**

                                        **S/ John W. Lungstrum**
                                        **JOHN W. LUNGSTRUM**
                                        **UNITED STATES DISTRICT JUDGE**