IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KYLE OWEN EINFELDT,

    **Plaintiff,**

    v.                                    CASE NO. 24-3041-JWL

TINA MILLER, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Saline County Jail in Salina, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed in forma pauperis. On April 8, 2024, the Court entered a Memorandum and Order (Doc. 6) ("M&O") directing SCJ officials to prepare a *Martinez* Report on the limited issue of whether or not Plaintiff is allowed to correspond with his attorney. The Court's M&O provided that "[u]pon the filing of that Report, the Court will screen Plaintiff's claims." (Doc. 6, at 6.) The *Martinez* Report (Doc. 7) (the "Report") was filed, and on May 1, 2024, the Court entered a Memorandum and Order (Doc. 8) ("M&O II) granting Plaintiff until June 28, 2024, in which to show good cause why this matter should not be dismissed. Plaintiff has failed to respond by the Court's deadline.

**I. Nature of the Matter before the Court**

Plaintiff states that he violated a no-contact order that applied to one person. Plaintiff alleges that staff at the SCJ are prohibiting him from communicating with the outside world, including family and his attorneys. Plaintiff alleges that Defendant Tina Miller, a Corrections Officer/Sergeant at the SCJ, told Plaintiff that they were following an order by Plaintiff's probation officer, Defendant Bobby Bradburry. Plaintiff alleges that he was not served with this order and

1

has not seen the order that allegedly limits all of his communication. Plaintiff alleges that Defendant Miller refused to monitor Plaintiff's calls, messages, and visits, and instead prohibited him from having contact with anyone.

Plaintiff names as defendants: Tina Miller, CO/Sergeant at the SCJ; Bobby Bradburry, Probation Officer; and the Saline County Sheriff's Department. Plaintiff seeks injunctive relief in the form of an order allowing him to communicate with the appropriate people.

## II. The Report

The Report sets forth in detail Plaintiff's violations of a protective order as well as violations of provisions of the SCJ Inmate Handbook prohibiting communications with victims in an inmate's case. The Report provides that "telephones are a privilege and abuse of telephone privileges . . . will result in disciplinary action, criminal prosecution and/or loss of telephone privileges." (Doc. 7, at 3.) Plaintiff was charged with, and found guilty of, multiple rules violations based on his abuse of the communications systems to contact his victim. *Id*. at 6. The Report further provides that:

> As a result of Mr. Einfeldt violating the prohibitions on contacting [the victim] in February and March as described above, Mr. Einfeldt has been restricted from initiating phone calls, emails or e-messages via the SCJ's communication system. He still has the ability to communicate with his attorneys, and others, by U.S. mail. He is also not restrict[ed] from receiving in-person visits from his attorneys.

*Id*. at 9.

## III. DISCUSSION

The Court found in the M&O that the Court may be prohibited from hearing any of Plaintiff's claims relating to his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971). *See State v. Einfeldt*, Case No. 2024-CR-000150, filed February 27, 2024, in the District Court of Saline County, Kansas (listing nine offenses for violation of a protective order); *State v.*

2

*Einfeldt*, Case No. 2023-CR-000288, filed April 11, 2023, in the District Court of Saline County, Kansas (listing offenses for aggravated domestic battery, domestic battery, and criminal damage to property, and docketing a probation violation on January 16, 2024). The Court noted that online records show that Plaintiff's state court criminal proceedings are pending. The Court ordered Plaintiff to show good cause why the Court should not abstain from hearing any claims involving his state court criminal proceedings.

The Court also found that although the Court may be required to abstain from hearing any claims relating to Plaintiff's underlying criminal cases, Plaintiff's claims regarding access to his attorneys relate to his conditions of confinement at the SCJ. Plaintiff has pending state court criminal cases and alleges that he has been denied all contact with his attorneys. The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. A prisoner also has a constitutional right of access to the courts. In addition, "First Amendment rights of association and free speech extend to the right to retain and consult with an attorney." *Poole v. Cnty. of Otero*, 271 F.3d 955, 961 (10th Cir. 2001) (citing *DeLoach v. Bevers*, 922 F.2d 618, 620 (10th Cir. 1990)), *abrogated on other grounds by Hartman v. Moore*, 547 U.S. 250 (2006).

The Report shows that Plaintiff has not been denied all access to his attorneys, but rather is prohibited from using the phone and other communication devices due to his violations of rules and abuse of phone privileges. The Court ordered Plaintiff to show good cause why his claim regarding access to his attorney should not be denied for failure to state a claim.

The Court granted Plaintiff the opportunity to respond to the Report and to show good cause why this matter should not be dismissed for the reasons set forth in the M&O and M&O II. The Court's M&O II provides that "[f]ailure to respond by the deadline may result in dismissal of

this action without further notice." (Doc. 8, at 4.)  Plaintiff has failed to respond to the Court's M&O II and has failed to show good cause why this matter should not be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice**.

**IT IS SO ORDERED**.

**Dated July 8, 2024, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE**